369 So.2d 125 (1979)
STATE of Louisiana
v.
Alain TERRIAULT.
No. 63259.
Supreme Court of Louisiana.
March 5, 1979.
*126 Bertrand DeBlanc, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., William J. Burris, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Alain Terriault was charged by grand jury indictment with second degree murder in violation of R.S. 14:30.1. On January 14, 1977, after a jury trial defendant was found guilty of manslaughter. He was sentenced by the trial court to serve twenty-one years at hard labor. Relying on one assignment of error, defendant appeals his conviction and sentence to this Court.
On the evening of June 8, 1976, defendant and one Danny Webb were seen leaving a local lounge in Lafayette, Louisiana, driving away in defendant's car. Later Danny Webb's body was found on the side of Highway 167 with five or six gunshot wounds in the head and upper right neck. It was the state's theory that defendant had killed Webb in a fight over a relationship between Webb and defendant's girlfriend. The defendant, testifying in his own behalf, stated that he had shot Webb in self-defense.
By his only assignment of error, defendant argues that the trial court erred in sentencing him to twenty-one years at hard labor. It is his contention that under the circumstances of this case, the sentence, the maximum penalty allowed for manslaughter, is unconstitutionally excessive.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment. Accordingly, in State v. Sepulvado, 367 So.2d 762 (La.1979), we held that "the imposition of a sentence, although within the statutory limit, may violate defendant's constitutional right against excessive punishment that is enforceable by this court on appellate review of his conviction." We further stated concerning appropriate standards for excessive review, that ". . . the statutory criteria legislatively provided by La.C.Cr.P. art. 894.1 (1977), which are similar to those evolved by courts in other American jurisdictions with a constitutional or statutory duty to review excessiveness, provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives." Sepulvado, supra, at 769.
In the case before us the trial court imposed the maximum sentence of twenty-one years at hard labor upon conviction of the crime of manslaughter. Defendant did not object on grounds of excessiveness. Furthermore, because sentencing took place on January 20, 1977 before passage of Act 635 of 1977 (adding La.Code of Crim.Pro. art. 894.1), there was no obligation on the part of the trial judge to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence" and no corresponding opportunity on the part of defendant to complain of lack of articulation. Defendant did, however, specifically assign as error in this Court that the twenty-one year sentence was excessive.
In State v. Cox, La., 369 So.2d 118, decided this date, we made certain determinations pertinent to the issues at hand. In *127 that case we overruled recent holdings in State v. Williams, 340 So.2d 1382 (La.1976) and State v. Williams, 322 So.2d 177 (La. 1975) as well as State v. Fisher, 362 So.2d 553 (La.1978); State v. Proctor, 354 So.2d 488 (La.1977) and State v. Dickerson, 353 So.2d 262 (La.1977), and held that no technical objection is required to preserve the issue of excessiveness for appellate review provided the issue is raised by assignment of error in connection with the appeal.[1]
In this case because defendant's maximum sentence for manslaughter was imposed before adoption of Article 894.1 there was obviously no compliance with that article (no mention of considerations taken into account and factual basis therefor). Our excessiveness review is thus hampered by lack of articulation of reasons or some equivalent. We prefer to consider defendant's complaint of excessiveness in light of a more complete record.

Decree
Accordingly, while we affirm defendant's conviction, we find it necessary to vacate and set aside the twenty-one year sentence for manslaughter and remand the case to the district court for re-sentencing and compliance with La.Code Cr.P. art. 894.1 so that in the event that there should be filed anew an appeal with contention that the sentence is excessive, we will be better able to comply with our constitutional and statutory duty to review that contention.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RE-SENTENCING.
SUMMERS, C. J., dissents.
MARCUS, J., concurs in part and dissents in part and assigns reasons.
BLANCHE, J., dissents.
MARCUS, Justice (concurring in part and dissenting in part).
I concur in the affirmance of defendant's conviction.
La.Const. art. 1, § 20 (1974) provides that "[n]o law shall subject any person . . . to cruel, excessive, or unusual punishment." (emphasis added). Hence, I consider that our review is limited to whether the "law" subjects any person to excessive punishment, not whether a sentence in a particular case is excessive. See my dissent in State v. Sepulvado, 367 So.2d 762 (La., 1979). Moreover, La.Code Crim.P. art. 878 provides that "[a] sentence shall not be set aside on the ground that it inflicts cruel or unusual punishment unless the statute under which it is imposed is found unconstitutional." Even assuming, arguendo, that this court could review a sentence in a particular case for excessiveness, I consider that an objection would be required at the time the allegedly excessive sentence is imposed. La.Code Crim.P. art. 841. This would afford the trial judge an opportunity to reconsider the sentence imposed upon objection by defendant. La.Code Crim.P. art. 881 provides that "[a]lthough the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence."
Accordingly, I respectfully concur in part and dissent in part.
NOTES
[1] A further holding in Cox, not pertinent because sentencing here pre-dated passage of La. Code Cr.P. art. 894.1 was that even without formal request the trial court must comply with Article 894.1, and that if inadequate compliance with that article is exhibited by the record, the preferred solution is to remand for re-sentencing with an adequate Article 894.1 articulation, when the reasons for an apparently severe sentence do not appear in the record.