376 So.2d 146 (1979)
STATE of Louisiana, Respondent,
v.
Michael Lovell ALEXANDER, Relator.
No. 64664.
Supreme Court of Louisiana.
October 8, 1979.
James D. Sparks, Jr., Monroe, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Allen W. Helm, III, Asst. Dist. Atty., for plaintiff-respondent.
PER CURIAM.
The issue before us is whether, for a limited period following affirmance of an appealed conviction, the sentencing judge retains jurisdiction to modify a legal sentence not imposed by reason of any error of law.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to fifteen years imprisonment at hard labor. His conviction and sentence were affirmed, and his application for rehearing was denied on January 26, 1979. 365 So.2d 1337.
On February 1, five days later, he filed a motion in the trial court for reduction of sentence. (He pointed out that a co-defendant of equal culpability received a lesser sentence. We do not consider whether this constituted an adequate reason for the trial court to reconsider its previous sentence, only its power or jurisdiction to do so.)
The trial court denied the motion. It felt that it no longer had jurisdiction to modify the sentence imposed on April 4, 1978, which had been appealed.
We granted certiorari, 371 So.2d 1340 (1979), to consider whether the trial court may still amend the legal sentence since request was made "prior to the beginning of the execution of the sentence" La.C.Cr.P. art. 881.[1]
A majority of the court has concluded that the trial court's jurisdiction to amend the sentence is limited by La.C.Cr.P. art. 916, which divests the trial court of jurisdiction to amend the sentence, except under limited circumstancesto correct an illegal sentence, or to allow credit for all or part of the time served pending the appeal. La.C.Cr.P. art. 916(3); see also, La.C.Cr.P. arts. 881 and 913(B). We find that the legislative intent there expressed is that, while a trial judge retains jurisdiction to *147 modify an unappealed legal sentence prior to commencement of its execution, he is divested of that jurisdiction by an appeal which affirms the sentence. See Official Revision Comment, La.C.Cr.P. art. 881.
Accordingly, we affirm the ruling of the trial court.
AFFIRMED.
TATE, J., dissents and assigns reasons.
CALOGERO and DENNIS, JJ., dissent.
TATE, Justice, dissenting.
I respectfully dissent.
An appeal suspends the execution of a sentence, La.C.Cr.P. art. 913A. Under the explicit wording of La.C.Cr.P. art. 881, the sentencing court may amend a legal sentence "prior to the beginning of execution of the sentence."
Execution of the sentence cannot refer to the date of the sentence or the date it is affirmed. It explicitly refers instead to the date upon which "execution" begins.
Execution of the sentence must commence on the date when a prisoner sentenced to imprisonment at hard labor actually begins his sentence with the Department of Correctionsor in any event no later (and perhaps no earlier) than the date by which by law the prisoner should be turned over to the custody of the Department to commence execution of his sentence. That a sentence may be considered as "commencing" on the date following imposition of the sentence, La.R.S. 15:566.2, for purposes of computation of the sentence is irrelevant to the issue of when "execution" of the sentence actually commences.
La.R.S. 15:566(B) provides that the sheriff of the parish of conviction "shall" deliver the prisoner to the Department of Corrections within fifteen days of the date the conviction becomes final. Cf. also La.R.S. 15:824(B), which provides that if the prisoner is not turned over to the Department of Corrections within fifteen days, then the prisoner retained in the parish jail is to be considered for certain administrative purposes as one for whom the department is responsible.
I would therefore hold that the trial court retained jurisdiction to entertain this motion to modify its legal sentence, execution of which had not commenced, upon this motion to reduce the sentence which was filed five days after affirmance of the sentence.
I do not reach the issue of whether the reasons stated by the defendant for the reduction of sentence sought by him required any hearing by the trial court. I dissent simply from the holding that the trial court did not have jurisdiction to entertain this motion, which was made before execution of the sentence either actually commenced or was required by law to commence.
NOTES
[1] Article 881 provides in full: "Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.