377 So.2d 264 (1979)
STATE of Louisiana, Relator,
v.
Salvatore A. BATTAGLIA and Jack Reynier, Respondents.
No. 64817.
Supreme Court of Louisiana.
November 1, 1979.
*265 Samuel S. Dalton, Jefferson, for defendant-respondent Jack Reynier.
Craig J. Cimo, Gretna, for defendant-respondent Salvatore A. Battaglia.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-relator.
DIXON, Justice.
Defendants, Battaglia and Reynier, were charged in a grand jury indictment with distribution of heroin in April, 1975. Found guilty as charged by jury on February 17, 1976, they were sentenced to life imprisonment at hard labor on March 18, 1976. Both appealed.
While the appeals were pending a motion for resentencing was filed, and came before the trial court on May 31, 1979. The court noted that it retained jurisdiction "to correct an illegal sentence," and suspended the life sentences, placing defendants on three years probation, with certain conditions.
Writs were granted on application by the state to review its contention that the sentences of mandatory life imprisonment were not illegal, and that the trial court lacked jurisdiction to change the sentences. C.Cr.P. 882 and 916(3).
At the time the district court imposed these sentences, R.S. 40:966(B)(1), Acts 1973, No. 207 provided that upon conviction for distribution of heroin, "[a] person ... shall be sentenced to life imprisonment at hard labor." R.S. 40:966 did not, as it does now, expressly prohibit the suspension of sentence for heroin distribution. The trial judge had imposed life sentences with great reluctance, unaware that it was within his discretion to suspend the sentences. Thereafter, even though the appeals were pending, the trial court, on motion of defendants, vacated the sentences he had previously imposed, as noted.
The trial judge considered that, although an appeal had been filed by defendants, under the provisions of C.Cr.P. 916(3), jurisdiction was still vested in the trial court to correct an illegal sentence under C.Cr.P. 882, which allows an illegal sentence to be corrected any time by the court that imposed the sentence. The trial judge in part relied upon State v. Terriault, 369 So.2d 125 (La. 1979). There, we held that a sentence imposing the maximum sentence of imprisonment provided by the statute should be vacated and the case remanded to the district court for resentencing because the trial court did not state the reasons necessary to afford this court an opportunity to review the defendant's contention of excessiveness constitutionally afforded him by La.Const. of 1974, Art. 1, Sec. 20.[1]
*266 This case presents a different issue; the trial judge with no direction from this court amended his original sentences. The question to be determined is whether the sentences imposed were illegal and could therefore be corrected at any time by the trial court under C.Cr.P. 882. The original sentences imposed by the trial judge, however, were not illegal; they were authorized and directed by R.S. 40:966. State v. Johnson, 220 La. 64, 55 So.2d 782 (1951); State ex rel. Hebert v. Henderson, 290 So.2d 832 (La. 1974).
Although the sentences imposed by the trial judge were legal, C.Cr.P. 881 authorizes the court to amend or change a legal sentence prior to the beginning of execution of the sentence.[2] That authority to amend a legal sentence prior to the beginning of execution of the sentence is limited by C.Cr.P. 916, which divests the trial court of jurisdiction upon the entering of the order of appeal. One of the exceptions recognized in 916(3) allows the trial court to retain jurisdiction to correct an illegal sentence, or reduce a legal sentence in accordance with C.Cr.P. 913(B). Article 913(B) authorizes the trial court to amend a sentence to grant credit for time served pending appeal, when the defendant is held without bail. These legal sentences do not fall within the exceptions of 916(3): therefore the defendants, by filing appeals, divested the trial court of its jurisdiction necessary to amend their sentences under C.Cr.P. 881.
It might be argued that, if the district judge lacked the jurisdiction to amend the sentences (and suspend them), he likewise lacked the jurisdiction to vacate the previously imposed life sentences. It is apparent that the trial judge is of the opinion that the life sentences are excessive, and were imposed under a mistake of law. In the interest of justice and efficiency we deem it appropriate in this case to vacate all prior sentences and remand the case for resentencing.
Accordingly, the amended sentences of defendants are vacated and the case is remanded for resentencing in accordance with R.S. 40:966 as it read at the time of the original sentencing.
TATE, J., concurs and assigns written reasons.
CALOGERO, J., concurs.
DENNIS, J., concurs for reasons assigned by TATE, J.
TATE, Justice, concurring.
I concur with the majority disposition, but I disagree with the majority's rationale.
The issue before us concerns the power of a trial court during the pendency of an appeal to modify an excessive sentence imposed as the result of an error of law.
The defendants were charged with distribution of heroin on November 29, 1974. La.R.S. 40:966 (1973). They were convicted and sentenced on March 18, 1976, to the statutory penalty of life imprisonment. They appealed these convictions and sentences.
At the time the district court imposed these sentences, it expressly did so with great reluctance. It stated that life imprisonment for a minor transaction by two youthful first offenders was greatly disproportionate punishment for the conduct and offenders involved. In imposing "with great reluctance" this "harshest" penalty, the district judge stated it was a matter "in which I have no discretion." Sentencing hearing, p. 8.
The trial judge thus erred as a matter of law in finding that he had no discretion to suspend all or part of the sentence. Prior to its amendment in 1977, the trial judge was not required to impose mandatory imprisonment for the life sentence provided by the statute. He was, according to the individual circumstances, permitted to suspend the sentence under appropriate probation conditions. State v. Hopkins, 367 So.2d *267 346 (La. 1978); State v. Terrebonne, 364 So.2d 1290 (La. 1978); State v. Whitehurst, 319 So.2d 907 (La. 1975).
In State v. Hopkins, 367 So.2d 346 (La. 1978), a showing similar to the present one was made that the sentencing judge was unaware of his discretion to suspend the sentence. Accordingly, we set aside the sentence of mandatory imprisonment and remanded for re-sentencing. In Hopkins, the sentence was vacated by the appellate court and remanded for re-sentencing.
In the present cases, even though the appeals were pending, the trial court realized its own error of law and corrected it. On motion of the defendants, it vacated the sentences imposed under an error of law, and it then exercised its legislatively-granted discretion to suspend the balance of the life sentences beyond time actually served, subject to certain conditions of probation.
We granted the state's application for certiorari, 371 So.2d 1339 (1979), to review its contentions that the sentence of mandatory life imprisonment, although imposed under an error of law and properly suspendable within the discretion of the trial judge, was nevertheless not illegal on its face and was thus not within the jurisdiction of the trial court to correct at any time as an illegal sentence, La.C.Cr.P. arts. 882, 916(3).
The trial judge held that it was authorized by La.C.Cr.P. art. 882 to correct as illegal a sentence of mandatory maximum imprisonment imposed by reason of an error of law.
The trial court in part relied upon State v. Terriault, 369 So.2d 125 (La. 1979). There, we held that a sentence imposing the maximum sentence of imprisonment provided by the statute should be vacated, because the trial court did not state the reasons and afford this court an opportunity to review the defendant's contention of excessiveness constitutionally afforded him by La.Const. of 1974, Art. 1, Section 20.
In Terriault, as in the present cases, the sentence was imposed prior to the effective date of La.C.Cr.P. art. 894.1 (1977). This article mandatorily provides that, before imposing a sentence of imprisonment, the trial court "shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." Even in advance of the appeal, this court on supervisory review has vacated a sentence imposed in an illegal manner, in that the trial court did not set forth the considerations and the factual basis for the sentence. State v. Jackson, 360 So.2d 842 (La. 1978).
I construe Terriault and Jackson, as well as State v. Cox, 369 So.2d 118 (La. 1979), as holding that the trial court may correct during the pendency of an appeal a sentence legal on its face, but imposed by reason of an error of law or in an illegal manner, if requested to do so by proper pleadings filed by the defendant.
Under these limited circumstances, the trial court may, on request of the defendant, amend a sentence legal on its face to correct these illegalitiesat least so long as the pleading is filed within the appellate delay or while an appeal is pending. This is consistent with the view taken in State v. Nine, 315 So.2d 667, 669 (La. 1975), where we stated (although by way of dicta) that "the trial court had the authority under La.C.Cr.P. art. 881, 913(B) and 916 to modify the sentence prior to and after ordering of the appeal." Cf. also State v. Maduell, 326 So.2d 820 (La. 1976), permitting a sentence while on appeal to be enhanced by post-sentence multiple-offender proceedings.
When the defendant's pleading is so timely filed, under the holdings implied by Cox-Terriault-Jackson the amendment of the apparently legal sentence is properly made as "prior to the beginning of [the] execution of the sentence." La.C.Cr.P. art. 881. (Of course, after execution of the sentence commences,[1] the courts may no longer amend a legal sentence. La.C.Cr.P. art. 881.)
*268 The sentences imposed by reason of an error of law and in an illegal manner (i. e., without setting forth the reasons for imposing the maximum term of imprisonment) were corrected while (because of the appeals and non-execution of the sentence) the sentences were still within judicial control insofar as modification. The trial judge took the identical actions within his discretion that he would have taken in the inevitable remand we would have ordered on the appeals on the showings made.
Judicial economy alone justifies our refusal to disturb his action in vacating the sentences improperly imposed, whether we regard this vacation as resulting from exercise of our own supervisory review requiring vacation of the sentences, or whether instead we regard our action to be that of affirming the trial court's authorized vacation of these sentences as improperly imposed.
Accordingly, I concur in our decree vacating the original sentences imposed, although I would further affirm the suspended sentences re-imposed rather than requiring the trial court to re-sentence the defendants (again) to suspended sentences.
NOTES
[1] Although the sentence in Terriault was imposed prior to the effective date of C.Cr.P. 894.1 (1977) which requires the trial judge to set forth the considerations and the factual basis for the sentence, this court felt that a compliance with 894.1 was necessary before it could review defendant's contention of excessiveness.
[2] The Official Revision Comment, C.Cr.P. 881, suggests that to allow a trial judge the power to reduce a legal sentence after the beginning of its execution would constitute the judge a "one man pardon board."
[1] In State v. Alexander, 376 So.2d 146 (1979), we considered the issue of when execution of a sentence commences.