412 So.2d 1057 (1982)
STATE of Louisiana
v.
Gregory STEPHENS.
No. 81-KA-2584.
Supreme Court of Louisiana.
April 5, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., Eric Harrington, Asst. Dist. Atty., for plaintiff-appellee.
James E. Beal, Natchitoches, for defendant-appellant.
EDWARD A. DUFRESNE, Justice Pro Tem.[*]
Defendant was charged with the crime of armed robbery. (La.R.S. 14:64). On May 4, 1981 he was tried before a jury which found him guilty as charged. The trial court sentenced *1058 him to serve ten (10) years at hard labor without benefit of parole, probation or suspension of sentence. From this conviction and sentence the defendant appeals, relying on three assignments of error.
Facts:
At trial, victim Batt Lewis testified that he had been working at a Coast Service Station in Natchitoches, Louisiana for about three weeks when the armed robbery occurred. It was the day before Thanksgiving and he was working the one to nine shift. At some time in the afternoon he saw defendant, Gregory Stephens, at the station and spoke to him. Although he could not remember defendant's first name, he knew his face and last name since he had dated defendant's sister several years before and had continued to see defendant around town. Later that evening, Lewis alonewas preparing to close the station. He counted the receipts ($1,660.00) and had placed the cash in the desk when a man suddenly came through the door to purchase cigarettes. After making his purchase the man paused for a moment, said thank you and left. Surprised by the man's entrance, Lewis decided to lock the door until he could leave for the night, but as he returned to his work, he heard a noise at the door again. Outside was another man, followed by the man who had purchased the cigarettes. When defendant unlocked the door the first man, with a stocking over his face, pushed his way in and pointed a gun at him. The two intruders took Lewis to the back room, where they threatened to blow his brains out if he didn't tell them where the money was. Lewis recognized the man wearing the stocking mask as Gregory Stephens, the defendant herein. After Mr. Lewis told his assailants that the money was in the desk drawer, defendant gave the gun to the other man and retrieved the cash. Then defendant told the other intruder, "Pop him, man," and started to leave. The man with the gun followed defendant out of the door without further incident. Fearing for his life, Mr. Lewis waited a short while before going down the street to phone the police. He returned to the station for an interview with the City Police. At this time, he identified one of the robbers as Stephens.
Assignments of Error Nos. 1 & 2
Defendant argues that the trial court erred in permitting testimony about two inculpatory statements made by the accused, when no Article 768[1] notice had been supplied by the prosecution.
The first statement emerged from the testimony of the victim while narrating the details of the crime. This statement consisted of the impulsive words of the defendant and is covered by La.R.S. 15:447[1]; as res gestae it is admissible into evidence without prior notice to defendant. State v. Kimble, 407 So.2d 693 (La.1981). Accordingly the defendant's complaint about the admission of the statement by the victim is without merit.
The second statement, which defendant also argues was inadmissible without the Article 768 notice, was contained in the testimony of Walter Delphin, the arresting officer. Delphin testified that he was transporting defendant in his police vehicle when defendant said, "If I had my gun, I would pop you, too." Defendant argues that because this statement was inculpatory and made while in police custody, it was not admissible into evidence without notice. In State v. Bodley, 394 So.2d 584, 589 (La.1981) this court defined "inculpatory statement" as used in Article 768 as "an out-of-court admission of incriminating facts made by the defendant after the crime has been committed". Furthermore, *1059 "[a]n incriminating statement is one which admits a fact tending to establish guilt, or from which guilt may be inferred."
Defendant's statement does not admit facts tending to establish guilt. However, even if we were to find that defendant's statement was inculpatory and that Article 768 notice was required, its admission by the trial court was not reversible error. In State v. Smith, 401 So.2d 1179 (La.1981), this Court found that if there is no reasonable possibility that the evidence complained of might have contributed to the conviction, the error was harmless beyond a reasonable doubt. In the instant case, the defendant was named and positively identified by the victim. The evidence of defendant's remark to Officer Delphin was not necessary for his conviction. Therefore, the admission of the statement was, at the most, harmless error. Accordingly, this assignment has no merit.
Assignment of Error No. 3
Defendant argues that the trial court committed "manifest error" in allowing the defendant into the courtroom in shackles. Jurors were milling around the courtroom as defendant was seated in the enclosed jury box having his ankle restraints removed. Defendant claims that this incident was sufficient to prejudice him by depicting him as a criminal before trial. The trial judge refused to question the prospective jurors about whether they had noticed the restraints because to do so would only have called their attention to the incident, causing more prejudice to the defendant.
It is clear that a defendant should not be shackled or handcuffed before the court except under exceptional circumstances. State v. Wilkerson, 403 So.2d 652 (La. 1981). In this case, however, the defendant's appearance would not have called any attention to his status. He was dressed in ordinary clothes and there is no specific evidence that any of the prospective jurors even noticed him. Thus, there is no showing of prejudice to the defendant. The incident took place before the jurors were called on their voir dire. After all were sworn, they indicated under oath that they could give the defendant a fair and impartial trial. The trial judge properly handled the incident and he also indicated in the record that the defendant had not been prejudiced. This assignment has no merit.
Accordingly, the conviction and sentence of the defendant are affirmed.
AFFIRMED.
NOTES
[*] Judges Nestor L. Currault, Jr., and Fred S. Bowes of the Twenty-Fourth Judicial District Court and Edward A. Dufresne, Jr. of the Twenty-Ninth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, Jr., and Jack Crozier Watson.
[1] Code of Criminal Procedure Article 768 provides: If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence. R.S. 15:447 Res gestae defined; admissibility Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.