438 So.2d 203 (1983)
STATE of Louisiana
v.
Gregory STEPHENS.
No. 82-KA-1491.
Supreme Court of Louisiana.
September 2, 1983.
Dissenting Opinion October 17, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., Eric Harrington, Asst. Dist. Atty., for plaintiff-appellee.
James Beal, Jonesboro, for defendant-appellant.
WATSON, Justice.
Defendant, Gregory Stephens, was convicted by a jury of armed robbery in violation of LSA-R.S. 14:64.[1] The trial court agreed to impose a ten rather than thirty year sentence if defendant revealed the name of his accomplice.[2] After complying with the condition, Stephens was sentenced to ten years at hard labor, without benefit of parole, probation or suspension of sentence. An order of appeal was signed on July 22, 1981.
On March 30, 1982, the trial court conducted a re-sentencing hearing. Finding that Stephens had lied when he named one Calvin Easley as his accomplice, the court vacated the ten year sentence and re-sentenced defendant to thirty years. On April 5, 1982, defendant's conviction and original *204 ten year sentence were affirmed. State v. Stephens, 412 So.2d 1057 (La., 1982). Defendant now appeals the re-sentencing.
Defendant contends the trial court was without jurisdiction to increase the sentence while his appeal was pending.[3]
The trial court relied on LSA-C.Cr.P. art. 881, which provides:
"Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence."
The discretion conferred by LSA-C.Cr.P. art. 881 is limited by LSA-C.Cr.P. art. 916(3):
"The jurisdiction of the trial court is divested and that of the appellate court attaches, upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter except to:
* * * * * *
"(3) Correct an illegal sentence, or reduce a legal sentence in accordance with Article 913(B); ..."
The trial court is divested of jurisdiction to amend a sentence once the order of appeal is signed, except to correct an illegal sentence or to reduce a legal sentence under certain circumstances. State v. Battaglia, 377 So.2d 264 (La., 1979); State v. Alexander, 376 So.2d 146 (La., 1979). Defendant's ten year sentence was legal. State v. Stephens, supra. After the order of appeal was signed on July 22, 1981, the trial court lacked jurisdiction to set aside or increase the sentence. The order vacating the original sentence and re-sentencing defendant is without effect.

DECREE
For the foregoing reasons, the order setting aside the original sentence and re-sentencing defendant is reversed and vacated.[4]
REVERSED.
LEMMON, J., dissents and will assign reasons.
LEMMON, Justice, dissenting.
The fact that the appeal of a conviction and sentence is pending in the appellate court does not deprive the trial court of the jurisdiction (meaning power and authority) to adjudicate a motion to nullify the sentence as fraudulently obtained, especially when the motion is based on evidence discovered since the order granting the appeal.
The majority holds that the pendency of an appeal divests the trial court of jurisdiction to change a sentence. However, this general rule, which simply provides that the appellate court is the appropriate forum to contest the sentence when the case is on appeal, assumes that the sentence was not obtained by fraud. A fraudulently obtained sentence may be attacked at any time, even after affirmation on appeal, and the trial court is obviously the proper forum for such an attack, because additional evidence relating to the fraud will need to be presented.[1] *205 Jurisdiction is an elusive term. When a conviction and sentence have been appealed, the appellate court, which is vested with appellate jurisdiction (but has no original jurisdiction), is the proper forum to review all matters under appeal. The trial court, which has only original jurisdiction in the matter, has exhausted its original jurisdiction as to matters reviewable on appeal. However, the issue of whether the sentence was fraudulently obtained is not an issue reviewable on the appeal, because that issue was never presented to or passed upon by the trial court. That issue must be presented for the first time in a court of original jurisdiction.[2] Thus, when a defendant makes a fraudulent representation and thereby obtains a more lenient sentence after being found guilty at trial, the trial court is the only court with the jurisdiction (meaning power and authority) to set aside the fraudulently obtained sentence, even if the conviction and sentence are on appeal or have been affirmed by the appellate court.
Neither the pendency of an appeal nor the completion of appellate review insulates a sentence from an attack based on fraud, because no system of justice can tolerate such a result. When there is an allegation that a sentence was obtained by the fraudulent representation, the trial court (where the misrepresentation was made) is the proper forum to receive the pleading attacking the sentence, as well as to conduct the contradictory hearing and to adjudicate the merits of the contention of nullity.
Perhaps it would have been preferable, as a housekeeping measure, for the trial court to have requested the appellate court to remand the matter for the nullity determination so that the entire case could have been adjudicated in one appeal, rather than piecemeal.[3] Or perhaps it would have been preferable for the trial court to defer the hearing on the nullity of the sentence until completion of appellate review, since reversal of the conviction might have rendered moot any issues relating to sentence. However, such considerations do not address the basic question of the jurisdictional power and authority of the court of original jurisdiction to adjudicate the merits of the contention that the sentence was a nullity as being fraudulently obtained. That contention can be presented to and adjudicated by the trial court at any time, regardless of the status of any appeal.[4]
NOTES
[1] LSA-R.S. 14:64 provides:

"A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
"B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."
[2] A trial court must be careful not to abandon its judicial function by assuming the investigative duties of the prosecutor and law enforcement personnel. See State v. Bing, 410 So.2d 227 (La., 1982).
[3] Defendant has assigned twelve errors in the trial court. As this assignment merits reversal, the remaining assignments of error need not be addressed. State v. Ricks, 428 So.2d 794 (La., 1983).
[4] The sentence affirmed in State v. Stephens, 412 So.2d 1057 (La., 1982) remains valid.
[1] The record of the original proceedings shows merely that the defendant was found guilty and was sentenced to ten years imprisonment, and that defendant appealed his conviction and sentence.

The issue of defendant's fraudulently obtaining a more lenient sentence did not arise until after the appeal from the conviction and sentence. The record of the subsequent proceedings established that the trial judge, upon discovering the possibility that fraud had been practiced, set the matter for an adversary hearing. The evidence at the hearing clearly established that the judge initially announced his intention to impose a 30-year sentence and that defendant thereafter deliberately supplied false and misleading information to induce the judge to impose a more lenient sentence. Defendant, who was represented by counsel, had a full opportunity to contest or rebut the nature of the willful misrepresentation (in which defendant falsely accused another of being his accomplice) and the purpose of inducing the trial judge to impose the lesser sentence.
[2] See, by analogy, La.C.C.P. Art. 2088, which expressly reserves to the trial court, during the pendency of an appeal, the jurisdiction over matters not reviewable under the appeal.

See also, by analogy, La.C.C.P. Art. 2004, which permits a party to seek the nullity of a final judgment obtained by fraud in a civil suit. Such an action must be filed in the trial court.
[3] Indeed, defense counsel, at the hearing to annul the sentence, moved to dismiss the pending appeal. The trial court denied the motion as presented to the wrong court.
[4] Even today, the trial court, on motion of the district attorney or on its own motion, could adjudicate the nullity of the sentence obtained by fraud. It makes little sense for this court to require another motion and another hearing (at which the same evidence will undoubtedly be presented), rather than reviewing the complete record of the hearing which has already been held.