BOWES, Judge.
On May 15, 1980, the defendant-appellant, Roosevelt Batiste, and a co-defendant, were indicted for the second-degree murder of Reginald Holmes. The defendant was tried before a twelve-person jury on February 17,18 and 19,1981, and found guilty of manslaughter. The trial judge sentenced Batiste to serve 10 years at hard labor on February 23, 1981, and the defendant appealed to the Louisiana Supreme Court. That court, on March 1, 1982, affirmed the defendant’s conviction and sentence. See State v. Batiste, 410 So.2d 1055 (La.1982).
On or about April 7, 1982, Batiste, who was out on bond, filed a motion in the district court to vacate the sentence previously imposed, contending the sentence was illegal. The trial judge, apparently unaware that defendant’s conviction and *27 sentence had been affirmed, vacated the sentence and ordered a pre-sentence investigation on July 22,1983. Upon learning of the Supreme Court’s decision, the trial judge, on July 28, 1983, wrote the trial counsel, informing him that because of the action by the Supreme Court, Batiste’s sentence was no longer open to review by him. At that same time, the judge vacated the July 22nd Order for a pre-sentence investigation and further ordered appellant to return to court on August 15, 1983, to be sentenced in accordance with his original decree. The August hearing was continued at the request of counsel and, on October 24, 1983, defendant was sentenced in absentia to ten years at hard labor “when he is released from the hospital.” Finally, Batiste, present and represented by counsel, was, once again, sentenced on February 21, 1984, to the same sentence.
Following the action in February 1984, writs and this appeal were timely taken from that sentencing. Both this court and the Louisiana Supreme Court denied writs (see 84-K-114 and 84-KK-0409, 446 So.2d 1232, respectively).
In this appeal, the defendant argues that the trial court erred in reimposing the previously vacated sentence of ten years at hard labor since the court did not comply with LSA-C.Cr.P. art. 894.1 by failing to state it’s reasons for the sentence.
We find that under the circumstance of this case, we need not address that argument. LSA-C.Cr.P. art. 916 states:
The jurisdiction of the trial court is divested and that of the appellate court attaches, upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter except to:
(1) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments;
(2) Correct an error or deficiency in the record;
(3) Correct an illegal sentence, or reduce a legal sentence in accordance with Article 913(B);
(4) Take all action concerning bail permitted by Title VIII;
(5) Receive assignments of error and add per curiam comments; and
(6) Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
In the present case, not only was an order of appeal entered before the trial court ordered the defendant’s sentence vacated, but that appeal had been heard by the Louisiana Supreme Court, which had affirmed both the conviction and the sentence.
Our Supreme Court, in State v. Alexander, 376 So.2d 146 (La.1979), in handling a question similar to the one before us, stated: “[t]he issue before us is whether, for a limited period following affirmance of an appealed conviction, the sentencing judge retains jurisdiction to modify a legal sentence not imposed by reason of any error of law”. Addressing the issue, the court concluded:
[Tjhat the trial court’s jurisdiction to amend the sentence [under C.Cr.P. art. 881] is limited by La.C.Cr.P. art. 916, which divests the trial court of jurisdiction to amend the sentence, except under limited circumstances — to correct an illegal sentence or to allow credit for all or part of the time served pending the appeal. La.C.Cr.P. art. 916(3); see, also, La.C.Cr.P. arts. 881 and 913(B). We find that the legislative intent there expressed is that, while a trial judge retains jurisdiction to modify an unap-pealed legal sentence prior to commencement of its execution, he is divested of that jurisdiction by an appeal which affirms the sentence. See Official Revision Comment, La.C.Cr.P. art. 881.
This position was recently reinforced by the Supreme. Court in State v. Stephens, 438 So.2d 203 (La.1983), wherein the court stated:
The trial court is divested of jurisdiction to amend a sentence once the order of appeal is signed, except to correct an illegal sentence or to reduce a legal sentence under certain circumstanc *28 es. State v. Battaglia, 377 So.2d 264 (La., 1979); State v. Alexander, 376 So.2d 146 (La., 1979). Defendant’s ten year sentence was legal. State v. Stephens, supra. After the order of appeal was signed on July 22, 1981, the trial court lacked jurisdiction to set aside or increase the sentence. The order vacating the original sentence and re-sentencing defendant is without effect.
In the case at bar, the Supreme Court had affirmed Batiste’s conviction and sentence on March 1, 1982. Thereafter, the trial judge was without authority to vacate the sentence. Hence the order vacating the original sentence and the resentencing of the defendant are without effect and are hereby declared to be null and void and are set aside. Therefore, the original sentence of February 23, 1981, affirmed by the Supreme Court in State v. Batiste, supra, remains to be served by the defendant.
Accordingly, since no appeal lies from a trial judge’s null actions, this appeal is dismissed.
DISMISSED.
KLIEBERT, J., concurs in part with reasons.