PER CURIAM.
Applicant was convicted of manslaughter and sentenced to twelve years hard labor. Her conviction and sentence were affirmed on appeal. (Docket No. 17,163-KA, (La. App.2d Cir.1985); writ denied Docket No. 85-K-2228 (La.1986). 481 So.2d 1348. Applicant then sought to have the sentence amended by the trial court pursuant to LSA-C.Cr.P. Art. 881, which provides:
Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.
LSA-C.Cr.P. Art. 916 provides that the jurisdiction of the trial court is divested and that of the appellate court attaches on the signing of the order of appeal, and thereafter the trial court has jurisdiction to modify a sentence only in the specific circumstances referred to in LSA-C.Cr.P. Arts. 916 and 913(B). These articles seem to provide the trial court with jurisdiction to reduce a legal sentence, prior to the beginning of the execution of sentence, even following an appeal. However, the Louisiana Supreme Court, in a four-three decision, has held that following the affirmance of an appealed sentence, the sentencing judge no longer retains jurisdiction to modify the legal sentence. State v. Alexander, 376 So.2d 146 (La.1979). This decision was followed in State v. Batiste, 468 So.2d 26 (La.App. 5th Cir.1985). We are bound by the Supreme Court pronouncement. For these reasons, the defendant’s writ application is denied.