Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 53,078-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

FAIR WAYNE BRYANT                           Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 185469

Honorable Brady D. O'Callaghan, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Peggy J. Sullivan

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

TOMMY JAN JOHNSON
Assistant District Attorney

* * * * *

Before MOORE, STEPHENS, and McCALLUM, JJ.

**McCALLUM, J.**

Fair Wayne Bryant ("Bryant") appeals his sentence. Bryant asserts that the trial court erred by not appointing an attorney to represent him during the resentencing. He contends the judge did not conduct an adequate colloquy to determine if his waiver was knowing, intelligent, and voluntary. Bryant argues that he was entitled to be resentenced and the trial court erred in not considering any reduction in sentence. He contends that his life sentence is unconstitutionally harsh and excessive.

## FACTS

A jury convicted Bryant of one count of attempted simple burglary of an inhabited dwelling in July, 1997. Thereafter, Bryant was adjudicated a fourth-felony habitual offender with a prior crime of violence and sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. Bryant appealed his conviction and sentence. This Court affirmed the conviction and sentence. *State v. Bryant*, 34,244 (La. App. 2 Cir. 12/6/00), 775 So. 2d 596, *writ denied*, 2001-0144 (La. 2001) 802 So. 2d 627.

Bryant filed a motion to correct an illegal sentence, arguing that his life sentence was illegal, on February 26, 2018. The trial court denied that motion. Bryant sought supervisory review, and on June 28, 2018, this Court granted Bryant's writ in part and remanded the matter with instructions. Because Bryant's life sentence was authorized by both La. R.S. 15:529.1(A)(1)(c)(i) and (ii), this Court found that the term of Bryant's sentence was not illegal and denied the writ in part, "as it relates to Bryant's life term." However, this Court found that the parole ineligibility contained in Bryant's sentence was illegal because La. R.S. 14:62.2 (1997) contained a prohibition on parole for the first year of the sentence only. This Court

reversed the trial court's denial of Bryant's motion to correct an illegal sentence in part, and remanded "for resentencing pursuant to the more lenient provisions of [La. R.S. 15:529.1(A)(1)(c)(i)], as enacted by the legislature in 2001 La. Acts 403." The life sentence was left undisturbed by this Court and the matter remanded for resentencing as concerns the eligibility for parole alone.

On August 2, 2018, the trial court resentenced Bryant to life imprisonment with the first year to be served without benefit of parole and with no eligibility for probation or suspension of sentence. Bryant sought review of that sentence by writ of supervisory review. We remanded that writ for perfection as an appeal.

## DISCUSSION – RIGHT TO COUNSEL

Bryant admits that the trial court offered to appoint an attorney to represent him or allow him time to hire an attorney. He admits he waived counsel because he thought that he could handle the case on his own. Bryant now argues that the trial court should have conducted an additional colloquy to determine his ability to represent himself and asserts that a sentence imposed in the absence of counsel is invalid.

The State highlights Bryant's waiver of counsel at resentencing. It further argues that because Bryant's resentencing was limited to a determination of parole eligibility, it was a mere ministerial function not allowing discretion of the trial court. Therefore, Bryant had no right to counsel at his resentencing.

This Court has held that a nondiscretionary and ministerial correction of a sentence under La. C. Cr. P. art. 882 is not accompanied by the right to counsel, the right to be present in court, or the reinstatement of the two-year

2

delay from finality of conviction after the correction. *State v. Littleton*, 43,609 (La. App. 2 Cir. 5/7/08), 982 So. 2d 978, 980, *writ denied*, 2008-1408 (La. 3/27/09), 5 So. 3d 135.

This Court reversed the trial court's denial of Bryant's motion to correct an illegal sentence in part, and remanded with instructions to correct the parole portion of the sentencing only. The trial court lacked any discretion in resentencing which was merely a ministerial correction of Bryant's parole eligibility in his favor. No appointment of counsel was necessary.

Bryant's argument that his waiver of counsel was not knowingly and voluntarily made begs the question because it assumes as support the very fallacy he is attempting to prove, namely, that he has a right to counsel at the resentencing.[1] Having already determined that Bryant had no right to counsel at the resentencing, a consideration of the efficacy of his waiver is unnecessary. Nevertheless, the following observations are tendered. Bryant clearly waived his right to counsel. The trial court properly questioned Bryant's desire to either have counsel appointed or to retain his own. Afresh, we note that Bryant admits he expressed a desire to represent himself. Based on Bryant's previous, partially successful, self-representation, the trial court held a reasonable belief that Bryant understood the proceedings. When considering the facts and circumstances surrounding the case, including the background, experience and conduct of the accused,

---

[1] Doleful recognition is made that the proper use of the phrase "begs the question" is more honored in the breach than the observance. This writer gratefully acknowledges the instruction previously given by a colleague and if the expression has been used correctly herein, the credit belongs to him and not the writer. For further instruction, please *see Dowles v. Conagra, Inc.*, 43,074 (La. App. 2 Cir. 3/26/2008), 980 So. 2d 180, 188 n.4.

3

the trial court conducted a sufficient *Faretta*[2] colloquy, ensuring that Bryant knowingly and voluntarily waived any right to counsel prior to resentencing. This assignment of error is without merit.

## DISCUSSION – SENTENCING

Bryant argues that the sentence imposed in this matter was an illegal sentence and contends he was entitled to be resentenced as concerns the life sentence. He asserts that the trial court erred in not considering any other sentence and that the life sentence is unconstitutionally harsh and excessive.

Bryant's life sentence was not before the trial court. The trial court did not have jurisdiction to modify the length of Bryant's sentence. Bryant's life sentence is final and is not reviewable by this Court. La. C. Cr. P. art. 916 provides that the jurisdiction of the trial court is divested and that of the appellate court attaches on the signing of the order of appeal. Thereafter, the trial court has jurisdiction to modify a sentence only in the specific circumstances referred to in the article, including the correction of an illegal sentence. After an appealed sentence is affirmed, the sentencing judge no longer retains jurisdiction to modify a legal sentence. *State v. Alexander*, 376 So. 2d 146 (La. 1979); *State v. Garrett*, 497 So. 2d 790, 790 (La. App. 2 Cir. 1986).

---

[2] The right to counsel may be waived, but the accused must know of the right and intentionally relinquish the right. *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). In order to be valid, a waiver of the right to counsel by a defendant must be made knowingly, understandingly and intelligently. *Faretta*, *supra*. Although a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Faretta*, *supra*.

The determination of whether a defendant knowingly and voluntarily waived his right to counsel depends on the facts and circumstances surrounding the case, including the background, experience and conduct of the accused. *State v. Carpenter*, 390 So. 2d 1296 (La. 1980); *State v. Conner*, 49,351 (La. App. 2 Cir. 11/19/14), 152 So. 3d 209, 215.

The Constitution of the State of Louisiana does not provide for a second direct appeal. Once an appellate court renders judgment, and that judgment becomes final, the criminal defendant no longer has a right to appeal the decision, but is limited to seeking supervisory review. La. C. Cr. P. art. 912.1(C)(1); La. C. Cr. P. art. 922; *State v. Jackson*, 39,515 (La. App. 2 Cir. 3/2/05), 895 So. 2d 695, 698.

Bryant's life sentence was reviewed and affirmed on his first direct appeal. Bryant did not appeal this Court's affirmation of his life sentence. The length of Bryant's sentence was not before the trial court on remand. Therefore, the trial court lacked the jurisdiction to modify the term of his sentence and his life sentence is final. This assignment of error is also without merit.

## CONCLUSION

For the aforementioned reasons, we **AFFIRM** the defendant's sentence.