Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,104-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

FRED HOWARD, JR.                            Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 211477

Honorable Brady D. O'Callaghan, Judge

* * * * *

LOUISIANA APPELLATE PROJECT             Counsel for Appellant
By:  Bruce G. Whittaker

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

TOMMY J. JOHNSON
KODIE K. SMITH
Assistant District Attorneys

* * * * *

Before WILLIAMS, MOORE, and THOMPSON, JJ.

**WILLIAMS, C.J.**

This criminal appeal arises from the First Judicial District Court, Parish of Caddo. The defendant, Fred Howard, Jr., was convicted of unauthorized use of a motor vehicle, in violation of La. R.S. 14:68.4, aggravated flight from an officer, in violation of La. R.S. 14:108.1(C), and aggravated criminal damage to property, in violation of La. R.S. 14:55, and was adjudicated a fourth-felony habitual offender. Howard was resentenced under *State ex rel. Esteen v. State*, 16-0949 (La. 1/30/18), 239 So. 3d 233, to life imprisonment with the benefit of parole, and with no eligibility for probation or suspension of sentence. Howard now appeals his resentencing. For the following reasons, the defendant's sentence is affirmed.

## FACTS

Following a jury trial, the defendant, Fred Howard, Jr., was convicted of unauthorized use of a motor vehicle, aggravated flight from an officer, and aggravated criminal damage to property. Thereafter, Howard was adjudicated a fourth-felony habitual offender and, as to the aggravated criminal damage to property conviction, he was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. On the aggravated flight from an officer conviction, the defendant was sentenced to two years at hard labor. On the conviction of unauthorized use of a motor vehicle, the defendant was sentenced to five years at hard labor. The sentences were ordered to run concurrent with each other. Howard's convictions and sentences were affirmed on appeal. *State v. Howard*, 37,603 (La. App. 2 Cir. 10/31/03), 859 So. 2d 936.

On May 2, 2018, Howard unsuccessfully filed a motion to correct an illegal sentence, arguing that his life sentence was illegal and that pursuant

to *State ex rel. Esteen v. State*, *supra*, and La. R.S. 15:308, he was entitled to be resentenced under the more lenient penalty provisions of La. R.S. 15:529.1 as amended in 2001.

Howard sought supervisory review, and on September 24, 2018, this Court granted Howard's writ in part and remanded the matter with instructions. No. 52,481-KH. This Court found that Howard qualified for application of the 2001 ameliorative provisions of La. R.S. 15:529.1, and because Howard only had two prior crimes of violence, he would have properly been adjudicated under La. R.S. 15:529.1(A)(1)(c)(i), which provided a sentencing range of "not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life." Because Howard's life sentence was authorized by both La. R.S. 15:529.1(A)(1)(c)(i) and La. R.S. 15:529.1(A)(1)(c)(ii), this Court found that the term of Howard's sentence was not illegal and denied the writ in part "as it relates to Howard's life term."

However, this Court found that the parole prohibition contained in Howard's sentence was illegal because La. R.S. 14:55 (2000), the statute for aggravated criminal damage to property, did not contain any parole restriction. Therefore, this Court granted the writ in part and remanded "for resentencing pursuant to the more lenient provisions of La. R.S. 15:529.1(A)(1)(c)(i), as enacted by the legislature in 2001 La. Acts 403." Howard did not seek review by the Louisiana Supreme Court.

On October 31, 2018, Howard was resentenced to life imprisonment with the benefit of parole, and with no eligibility for probation or suspension of sentence. On November 5, 2018, Howard filed a motion to reconsider

2

sentence, asserting that his sentence was constitutionally excessive. The trial court denied the motion. This appeal followed.

**DISCUSSION**

<u>Assignment of Error</u>: The trial court erred by imposing an unconstitutionally harsh and excessive sentence.

On review, the defendant argues that he was entitled to resentencing to a sentence within the applicable statutory range under *State ex rel. Esteen v. State*, *supra*. He asserts that his life sentence is excessive in light of his convictions, and that a sentence of more than 20 years but less than life should have been imposed.

In response, the state points out that Howard's life sentence was not remanded to the trial court, and therefore, the trial court did not have jurisdiction to modify the length of Howard's sentence on remand. According to the state, Howard's life sentence is final and is not reviewable by this Court.

La. C. Cr. P. art. 916 provides that the jurisdiction of the trial court is divested and that of the appellate court attaches on the entering of the order of appeal, and thereafter the trial court has jurisdiction to modify a sentence only in the specific circumstances referred to in the article, including the correction of an illegal sentence. As such, following the affirmance of an appealed sentence, the sentencing judge no longer retains jurisdiction to modify a legal sentence.[1] *State v. Alexander*, 376 So. 2d 146 (La. 1979); *State v. Garrett*, 497 So. 2d 790 (La. App. 2 Cir. 1986).

---

[1] Article 916 provides:

The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:

The Louisiana Constitution does not provide for a second direct appeal. Once an appellate court renders judgment, and that judgment becomes final, the criminal defendant no longer has a right to appeal the decision, but is limited to seeking supervisory review. La. C. Cr. P. art. 912.1(C)(1); La. C. Cr. P. art. 922; *State v. Jackson*, 39,515 (La. App. 2 Cir. 3/2/05), 895 So. 2d 695.

In this case, Howard's life sentence was reviewed and affirmed on his first direct appeal. Pursuant to a motion to correct illegal sentence filed by the defendant, this Court specifically found that the term of Howard's sentence was not illegal and denied the writ in part, "as it relates to Howard's life term." Therefore, the term of Howard's sentence was not before the trial court on remand, and the trial court lacked the jurisdiction to modify the term of the defendant's sentence. Howard's life sentence is final and he no longer has any right to a review of that sentence on appeal.[2] This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the sentence of the defendant, Fred Howard, Jr., is affirmed.

**AFFIRMED.**

---

(1) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.
(2) Correct an error or deficiency in the record.
(3) Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
(4) Take all action concerning bail permitted by Title VIII.
(5) Furnish per curiam comments.
(6) Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
(7) Impose the penalty provided by Article 844.
(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.

[2] As already noted by this Court in No. 52,481-KH (Sept. 24, 2018), because the defendant's life sentence falls within the ranges of both the harsher and more lenient penalty provisions, it is not illegal, and his avenue for relief, if he has not already done so, is by application to the committee on parole pursuant to La. R.S. 15:308(C). *See State ex rel. Esteen v. State, supra* at 238 n. 4 (per curiam).

4