BERRY BRINSON, SR., BERRY BRINSON, JR., and MINNIE BELL v. STATE.

198 So. 15

En Banc

Opinion Filed September 17, 1940

Rehearing Denied October 18, 1940

*Davis, Davis & McClure,* for Appellant Berry Brinson, Sr., *R. E. Cowart,* for Appellant Berry Brinson, Jr., and *David Lanier,* for Appellant Minnie Bell;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Appellee.

PER CURIAM.—Under an indictment charging Berry Brinson, Sr., as principal in the first degree with the crime of murder in the first degree and charging Minnie Bell and Berry Brinson, Jr., as principals in the second degree with the crime of murder in the first degree in effecting the death of one Lloyd Cooper, Berry Brinson, Sr., was convicted of murder in the second degree and Minnie Bell and Berry Brinson, Jr., were convicted of manslaughter.

From these judgments the defendants appealed under the provisions of the Criminal Code, Acts of Legislature of 1939.

The appellants have presented seven questions for our consideration.

We have carefully studied the record in the light of briefs filed and it appears to us that no good purpose can be served by a discussion of the questions presented, but it is sufficient to say that the contention presented by each of such questions must be decided adversely to the appellants on authority of opinions heretofore rendered by this Court involving such questions.

The evidence is to some extent conflicting but it was the province of the jury to determine who was and who was not speaking the truth. The jury evidently believed the testimony of the State's witnesses and did not believe much of the testimony of the defendants. The evidence adduced from State's witnesses was sufficient, if believed by the jury, to support a verdict against all of the defendants of a higher degree of unlawful homicide than that of which they were severally convicted. We find no reversible error either in the charges given by the court or in the action of the court in refusing to give some charges requested by the de-

fendants. While it may be that some of the charges requested by the defendants and refused were proper expressions of the law and might have been properly given by the court, we find the charges given to be so full and complete that we cannot say the defendants suffered any prejudice by refusal of the court to give the requested charges referred to.

The appellants strenuously contend that in view of the fact that the indictment charged the unlawful homicide to have been committed by Berry Brinson, Sr., shooting the deceased with a pistol and the evidence showing that although Berry Brinson did shoot the deceased five times in the body with such a weapon, one of which shots was in or near the heart, that because the evidence also shows that other mortal wounds at the same time were inflicted upon the deceased by Minnie Bell and Berry Brinson, Jr., that the jury was not warranted in reaching the conclusion that the deceased came to his death by reason of the pistol wounds. We cannot agree with this contention. The pistol wounds were shown to be mortal wounds. The mere fact that other mortal wounds were inflicted will not relieve him who inflicted the mortal wound with the pistol from convictim. If the jury could have reasonably drawn the conclusion from the evidence that the pistol wounds caused the death or materially contributed to the immediate death of the deceased, the evidence was sufficient to sustain the verdict. See Wharton on Homicide, 3rd Ed. 37; Edwards v. State, 39 Fla. 753, 23 Sou. 537.

We find no reversible error reflected by the record. The judgment should be, and is, affirmed.

So ordered.

WHITFIELD, P. J., BUFORD and THOMAS, J. J., concur.

TERRELL, C. J., and CHAPMAN, J., dissent.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.