144 So.2d 869 (1962)
Jan Ellis KARL, Appellant,
v.
STATE of Florida, Appellee.
No. 61-800.
District Court of Appeal of Florida. Third District.
September 25, 1962.
Michael F. Zarowny and L.J. Cushman, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Herbert P. Benn, Asst. Atty. Gen., for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
PER CURIAM.
The appellant was informed against and tried for the crime of murder in the second degree, following death of his 17-month old step-son which resulted from a blow or blows administered by appellant. The trial judge withdrew the second degree murder charge from jury consideration and submitted the case on manslaughter. A verdict was returned against the defendant. He was adjudged guilty and sentenced to six months to ten years confinement.
The principal issue on this appeal is the contention by the accused that his act of striking or pushing the child, though it resulted in skull fracture and other injuries from which the child died, was not of sufficient character and gravity to establish or support the conviction of manslaughter. Secondary issues raised are whether his liability was rendered remote by an intervening *870 cause represented by the child being allowed to remain in the emergency room of the hospital for some two and one-half hours before being treated and operated on; and whether it was prejudicial error to admit photographs disclosing bruises on the child's face or head when there was evidence they were inflicted prior to the day named in the information.
Although the appellant contends the evidence showed only a single push of the child by him which resulted in its head striking the wall, there was evidence from which the jury could have found the child was beaten on the day in question, and that such beating was the proximate cause of the death.[1] The remaining questions presented have been examined in the light of the briefs and arguments and are found to be without merit.
Affirmed.
NOTES
[1] As to the effect of delay in treating the child see Johnson v. State, 64 Fla. 321, 59 So. 894, 895; 16 Fla.Jur. Homicide §§ 27-28; Perkins, Criminal Law 613-614 (1957). See also Brinson v. State, 144 Fla. 228, 198 So. 15; Berry v. State, 114 Fla. 73, 153 So. 507, 509.