PER CURIAM.
By information the appellant was charged with the crime of manslaughter (§ 782.07 Fla.Stat., F.S.A.). The information alleged the defendant caused the death of his infant child by culpable negligence by assaulting the child with his hands and fists. Upon trial before a jury he was convicted. He was sentenced by the court to imprisonment for twenty years. The defendant appealed.
Upon consideration of the several contentions of error submitted by the appellant, in the light of the record and briefs, we find them to be without merit. Denial of the defendant’s motion for a directed verdict was not error. The record discloses competent substantial evidence of the guilt of the defendant of the offense charged, amply sufficient to support the conviction.
*717 Denial of defendant’s objection to introduction into evidence of photographs, disclosing injuries of the child, was proper. The photographs were not gruesome, and clearly were relevant. See Kitchen v. State, Fla.1956, 89 So.2d 667; Karl v. State, Fla.App.1964, 144 So.2d 869; Lipford v. State, Fla.App.1964, 161 So.2d 16; Roberts v. State, Fla.App.1967, 195 So.2d 257; Dillen v. State, Fla.App.1967, 202 So.2d 904. Moreover, all photographs which were offered were not admitted. The record shows there was extended discussion relating thereto, and that the court refused to admit photographs showing the entire body of the child, and admitted those which the court considered relevant that revealed the nature and appearance of injuries to the face and head.
An attempt by the defendant to impeach his own witness was properly denied by the court, on objection by the state. Exceptional circumstances which would require a contrary ruling thereon were not present or shown. The witness involved was the defendant’s wife. She testified she had gone to a store for a short time; that when she left the child was all right, and when she returned the child was in the injured condition. In an effort to impeach the witness the defendant proffered testimony of another witness to the effect that the wife had told the latter she did not go to the store on the occasion in question. However, the defendant by his written confession which was presented in evidence was shown to have admitted striking the child during the time his wife was at the store. Therein he stated his wife had gone to the store, that the baby started crying, that he struck the child, etc. and that his wife returned a few minutes later. In the circumstances disclosed, the challenged ruling of the court was not error. See Hernandez v. State, 156 Fla. 356, 22 So.2d 781; Foremost Dairies, Inc., of the South v. Cutler, Fla.App.1968, 212 So.2d 37.
The admission of the confession of the defendant was not error. Its admissibility was determined by the court upon hearing outside of the presence of the jury. The record supports the conclusion of the trial judge that the confession was freely and voluntarily given.
No reversible error having been made to appear, the judgment is affirmed.