Daniel F. BEACH, Petitioner–Appellant,

v.

Frank C. BLACKBURN, Respondent–Appellee.

No. 80–3121

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 1, 1980.

---

Daniel F. Beach, pro se.

Knowles M. Tucker, Dist. Atty., Parish of Iberia, New Iberia, La., Edward M. Leonard, Jr., Morgan City, La., for respondent–appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

GARZA, Circuit Judge:

On February 12, 1974, the body of Lee G. Newsom was discovered in a Morgan City, Louisiana hotel room. A warrant was issued six days later for the arrest of Daniel Beach in connection with the Newsom murder. During the month of February, Beach turned himself in to authorities in North Carolina as being AWOL from the Marine Corps. Louisiana authorities located Beach in custody at Charlotte, North Carolina, and returned him to Morgan City after he waived extradition.

Immediately after Beach's return, he waived his rights to silence and counsel, and confessed to the murder. Counsel was appointed the next day, and Beach was indicted on June 6th. A motion to suppress the confession was filed prior to trial. A hearing was held, and the motion was denied.

Beach was tried and found guilty of second degree murder on July 22, 1974. He was sentenced to be imprisoned for life. The Supreme Court of Louisiana affirmed. *State v. Beach*, 320 So.2d 143 (La.1975). Beach then applied unsuccessfully to the 16th Judicial District Court of Louisiana for habeas corpus relief.

Having exhausted his state remedies, Beach applied for habeas corpus in the federal court below. He asserted (1) that the confession was involuntary because his treatment in North Carolina rendered him incompetent to waive his rights on arrival in Louisiana, (2) that his appointed counsel was ineffective, and (3) that he had been denied compulsory process for obtaining the testimony of an alleged accomplice. The district court denied habeas corpus relief without holding a hearing. For the reasons stated below, we vacate that decision, and remand the cause for an evidentiary hearing on Beach's claims of involuntariness and ineffective assistance.

With regard to the involuntariness issue, Beach alleged that the North Carolina authorities were aware that he suffered from drug withdrawal symptoms, yet refused medical treatment. He claims to have been harassed and mistreated while in North Carolina. Beach argues that the totality of the effect of these circumstances upon his state of mind when he was returned to

Louisiana compels a conclusion that the confession given there was involuntary.

At the state court suppression hearing, Beach did not allege events transpiring in North Carolina as being indicative of involuntariness. Two officers testified at that hearing that Beach had waived his rights to counsel and silence and that the confession was not involuntary. The officers were not asked about Beach's physical condition or his drug addiction. Beach did not testify.

He raised the North Carolina issues pursuant to his application for habeas corpus in state court, which was denied without a hearing. The federal district court relied on four factors in overruling Beach's involuntariness claims: (1) that there was no support in the record for Beach's version of the North Carolina treatment; (2) that there was no indication that Louisiana officials knew of any mistreatment in North Carolina; (3) that the officers testified at Beach's suppression hearing that he "displayed neither fatigue nor physical discomfort during the questioning"; and (4) that while the Louisiana officers knew of Beach's drug problems, "nothing in the record indicate[d] that he appeared to be suffering from withdrawal on the day in question."

▇▇ In reviewing claims that a confession was involuntarily given we look to the totality of the circumstances and weigh the cumulative impact upon the accused. *Fikes v. Alabama*, 352 U.S. 191, 197, 77 S.Ct. 281, 284, 1 L.Ed.2d 246 (1957). While we express no view on the merits of Beach's petition, we have no doubt that he has alleged facts which, if true, could support a finding that his confession was not voluntary.

The reasons given by the district court to support its conclusion were not, in the absence of an evidentiary hearing, adequate to serve as the basis for a denial of habeas relief. There was no support in the record for Beach's allegations as to treatment in North Carolina because no hearing was held in any court on the issue. The issue as to whether Beach was incompetent to waive certain rights was not resolved by a finding that Louisiana officers had no reason to suspect that he might be incompetent. The state transcripts do not support the district court's conclusion that Beach displayed no signs of fatigue or discomfort, or that the Louisiana authorities were unaware of a drug problem; there was only testimony that Beach ate, was given cigarettes, and called his parents during the period in which the confession was made. The officers testifying at the state suppression hearing were not, as we have noted, asked about Beach's physical condition or his drug addiction. Beach had alleged mistreatment in North Carolina as a ground for a finding of involuntariness in the state habeas corpus proceeding, and it was denied without a hearing. In federal court, the issue was rejected in the same manner, by reliance upon essentially irrelevant material in the record of the original suppression hearing. We believe that Beach was entitled to an evidentiary hearing in federal court concerning his allegations of the effect of his treatment in North Carolina upon the validity of any waiver and upon the voluntariness of his confession.

Beach has further alleged that he was deprived of the effective assistance of counsel. He asserts that his appointed attorney did not investigate the question of the voluntariness of the confession, request a psychiatric examination, or move for a continuance in order to investigate the offense. As the attorney did not, in his original suppression motion, attack the confession on the ground of mistreatment in North Carolina, a question is raised as to whether he was appraised of those circumstances. Similarly, it is not clear whether the counsel had any indication that a psychiatric examination was necessary, although Beach alleges that he requested one. The district court should address these issues on remand. We find no merit in Beach's argument that a motion for continuance was required in that the time between indictment and trial was insufficient *per se* for investigation of the offense. The question is one of fact, and Beach must carry the burden of proving that the failure to move for a continuance

constituted ineffective assistance in the context of this case.

■ Beach's final point complains that he was denied the right to compulsory process for obtaining witnesses because his alleged accomplice, Lawrence Scott, did not testify due to actions of the state. Specifically, Beach alleges that the state procured Scott's presence, wishing to call him as a witness, that Scott refused, and that when he volunteered instead to testify on Beach's behalf, he was returned to prison. Beach makes no allegation, however, that he sought to subpoena Scott or asked his attorney to do so. The issue is without merit. *See Rummel v. Estelle*, 590 F.2d 103, 104–105 (5 Cir. 1979).

The district courts should be careful to afford a full hearing to habeas litigants on claims which have been exhausted in state court, where the record of state proceedings does not contain an adequate development of the facts necessary to resolve those claims. Beach was not accorded the opportunity to make a showing of the validity of the allegations we have discussed, either in state or federal court. For that reason, the judgment of the district court must be

VACATED and REMANDED.