410 So.2d 1055 (1982)
STATE of Louisiana
v.
Roosevelt BATISTE.
No. 81-KA-1071.
Supreme Court of Louisiana.
March 1, 1982.
*1056 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry J. Morel, Jr., Dist. Atty., Abbott J. Reeves, John M. Crum, Jr., Kurt Sins, Jr., Asst. Dist. Attys., for plaintiff-appellee.
Robert R. Faucheux, Jr., Reserve, for defendant-appellant.
WATSON, Justice.[*]
Defendant, Roosevelt Batiste, was charged with the second degree murder of Reginald Holmes and convicted of manslaughter by a 10 to 2 jury verdict. LSA-R.S. 14:31. Defendant received a sentence of ten years at hard labor and has appealed, assigning three errors by the trial court.

FACTS
On April 19, 1980, Roosevelt Batiste and Reginald Holmes were both in Oscar Bardell's bar. Batiste's two stepdaughters told him that Reginald Holmes, "Scalp", had been annoying them. Batiste attempted to remonstrate with Holmes and Holmes slung a bar stool at him. Batiste was standing near the center of the bar and Holmes was close to the telephone by the back wall. According to the photographs, Batiste was to the left of Holmes. Batiste said Holmes reached in his pocket. Thinking Holmes was armed with a knife, Batiste pulled his gun and started shooting. Batiste fired five times and hit Holmes three times. One shot hit the music box and another injured a bystander, Freddie Cook. Holmes staggered toward Batiste and grabbed him in a bear hug. Batiste's stepson, LeRoy Bolden, seized Holmes around the neck with his left arm. Bolden hit Holmes with a gun and it fired up in the air. Bolden then shot Holmes in the forehead at close range.
Dr. Richard Tracy, a specialist in forensic medicine, testified that Holmes received four separate wounds. Two of the bullets entered the body from left to right. One of these passed through both lungs and the heart, then struck a rib and turned backwards. The second went through the abdomen. Another bullet entered the head at close range from right to left, the opposite direction from the two through the body. This bullet also had a slight angle from back to front. There was also a superficial bullet wound in the arm. Either one of two wounds, that in the head or that in the chest, would have caused Holmes' death. (Tr. 64) Both should have caused an immediate collapse. The chest wound was fatal and the head wound was "immediately fatal". (Tr. 60) The chances of surviving the shot in the abdomen would have been small. Holmes was living when all the wounds were inflicted.
The evidence establishes that the two body wounds, the one in the abdomen and the one in the chest, were fired by defendant Batiste from his position to the left of Holmes. The shot to the head was fired by Bolden. Either the chest wound or the head wound and possibly the abdominal wound would have caused the victim's death.
*1057 There was evidence that Holmes customarily carried a knife and had inflicted knife wounds on other people. It was established that he had a bad reputation and was a violent man.

ASSIGNMENT OF ERROR NUMBER ONE
It is contended that Batiste was not advised of plea bargain negotiations between Bolden and the State and that Bolden pled guilty to manslaughter prior to Batiste's trial. Defendant argues that Bolden's guilty plea was exculpatory evidence which should have been furnished to him by the State. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); State v. Hicks, 395 So.2d 790 (La., 1981). Although Bolden's guilty plea amounted to a confession, he was not a codefendant and his confession of guilt did not exculpate Batiste. LSA-C.Cr.P. art. 722. Moreover, the jury was fully aware that Bolden had shot Holmes in the head. Since Bolden's guilty plea was based on facts which were presented to the jury, it could not have created any further doubt in their minds about Batiste's guilt. State v. Manning, 380 So.2d 46 (La., 1980). In addition, the guilty plea was a matter of record which was readily available to the defense. State v. Hicks, supra.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends that LeRoy Bolden should have been required to testify at his trial.
Since there is no evidence that Batiste tried to obtain Bolden's testimony, this assignment of error lacks merit. Bleach v. Blackburn, 631 F.2d 1168 (5 Cir. 1980). Compare State v. Mizell, 341 So.2d 385 (La., 1976).

ASSIGNMENT OF ERROR NUMBER THREE
It is contended that the sentence of ten years at hard labor is excessive. The trial court did not comply with LSA-C.Cr.P. art. 894.1 and failed to state the considerations and the factual basis for the sentence. The maximum sentence for manslaughter is twenty-one years at hard labor. LSA-R.S. 14:31. This sentence of less than half the maximum is not severe on its face. There appears no clear abuse of the trial court's discretion in imposing sentence within the statutory limits. State v. Jones, 381 So.2d 416 (La., 1980).
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER FOUR
Although not formally assigned as error, the brief of defense counsel implies that the State failed to prove each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Manslaughter is the killing of a human being under certain mitigating circumstances which prevent the crime from being either first degree or second degree murder. The issue is whether both Bolden and Batiste can be guilty of killing Holmes.
Separate fatal wounds inflicted in one encounter by two individuals make each guilty of the homicide. "[B]oth shot ... in one encounter. The law will not stop, in such a case, to measure which wound is the more serious, and to speculate upon which actually caused the death...." Bennett v. Commonwealth, 150 Ky. 604, 150 S.W. 806 at 808 (1912). See Jordan v. State, 82 Ala. 1, 2 So. 460 (1887); Anderson v. State, 43 Tex.Cr.R. 275, 65 S.W. 523 (1901); Payne v. Commonwealth, 255 Ky. 533, 75 S.W.2d 14 (1934); Farley v. Commonwealth, 268 Ky. 277, 104 S.W.2d 972 (1937); Commonwealth v. Gross, 271 Ky. 455, 112 S.W.2d 689 (1938); Brinson v. State, 144 Fla. 228, 198 So. 15 (1940); Jones v. Commonwealth, 281 S.W.2d 920 (Ky.1955); Palmer v. State, 223 Md. 341, 164 A.2d 467 (1960). Compare People v. Lewis, 124 Cal. 551, 57 P. 470 (1899).
Bolden and Batiste jointly participated in the killing. Each was a principal in the crime. LSA-R.S. 14:24. Although there is no evidence of conspiracy, they *1058 were acting together. Holmes was fatally injured by Batiste and Bolden responded by inflicting another fatal wound while aiding Batiste. Bolden accelerated Holmes' death, but Batiste had independently fired a fatal shot.
Bolden's act cannot be insulated from Batiste's, because the two were acting in concert. Holmes was sandwiched between them when the last "immediately fatal" shot was fired. Batiste's actions caused Bolden's intervention. Holmes' death would have resulted from Batiste's shots regardless of this intervention, and the intervention was also caused by Batiste's actions. Batiste is responsible, because Bolden's interposition resulted from Batiste's initial wrongful acts. Both are guilty.[1]
This assignment of error lacks merit.
For the foregoing reasons, the conviction and sentence of defendant, Roosevelt Batiste, are affirmed.
AFFIRMED.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur. It does not seem necessary, however, to broach the complex subject of causation in this case. See., e.g., R. LaFave & A. Scott, Criminal Law § 35 (1972). I think the majority adequately justified its decision on the ground that the defendant was at least a principal to the crime. He was "concerned in the commission" and "aid[ed] and abet[ted] in its commission." La.R.S. 14:24.
NOTES
[*] Judges Burrell J. Carter, Felix A. Savoie, Jr., and Melvin A. Shortess of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Justices Dennis, Blanche, Watson and Lemmon.
[1] See Model Penal Code, Proposed Official Draft, 1962, Section 2.03(1)(a), as follows:

"(1) Conduct is the cause of a result when:
"(a) it is an antecedent but for which the result in question would not have occurred; and...."