LABORDE, Judge.
Defendant-appellant, Dwayne 0. Richardson, appeals as excessive his sentence of seven (7) years at hard labor. The sentence was imposed after he pleaded guilty to the charge of manslaughter, a violation of LSA-R.S. 14:31. The reasons for judgment articulated by the trial judge and the appellate record amply support the sentence. We affirm.
FACTS
On October 29, 1984, the Lake Charles Police Department received a report of a stabbing. The victim was found in a ditch in the front yard of 2708 Polk Street. The victim, identified by a relative as Timothy Dean Jones, was rushed to a hospital where he was declared dead on arrival.
Police investigators traced a trail of blood from the ditch where the victim was found back to the driveway of 2519 Polk Street. Interviews with witnesses revealed that there had been a party at the residence earlier that evening. It was determined that both the victim and the appellant had attended the party.
According to appellant’s version of the incident, he, the victim, and another man left the party and had a few drinks on the driveway. In the course of the revelry, Richardson and James entered into a two dollar bet regarding the ownership of a truck parked in the driveway. Richardson went to the glove compartment of the truck and produced the registration papers. At the same time, Richardson removed a lock-blade knife from the glove compartment and secreted it in his pocket.
Jones rejected Richardson’s proof of ownership and became infuriated. Jones pointed his finger in appellant’s face, grabbed the appellant and attempted to punch him in the face. Richardson drew his blade and stabbed Jones. Appellant confessed to “sticking” Jones twice in order to scare him away.
Instead of two wounds, the coroner found six stab wounds measuring from 2⅞⅛ to 4 inches in length, and ½ to 1½ inches in depth. The victim’s cause of death was determined by the coroner to be exsangui-nation due to multiple knife wounds with cardiac arrest and collapse of both lungs.
Appellant was charged by bill of information, with the offense of manslaughter after the Calcasieu Parish Grand Jury failed to reach a nine-vote consensus as to a charge. On February 22, 1985, appellant entered a plea of guilty to the charge of manslaughter and requested a presentence investigation. The trial judge accepted the plea after questioning appellant, and ordered a presentence investigation. On May 9, 1985, after reviewing the presentenee report, the trial judge sentenced appellant to serve seven (7) years in the custody of the Department of Corrections.
Appellant assigns three errors to the trial judge: (1) in sentencing appellant to an excessive sentence constituting cruel and unusual punishment; (2) in failing to adequately consider the sentencing guidelines of Article 894.1 of the Louisiana Code of Criminal Procedure and; (3) in failing to individualize the sentence to the offender and offense.
The trial judge has wide discretion to impose a sentence within the statutory limits. State v. Washington, 414 So.2d 313 (La.1982). This discretion is subject only to constitutional limitations on excessive sentences and should not be disturbed absent manifest abuse. State v. Burnette, 419 So.2d 835 (La.1982).
Strict compliance with La.C.Cr.P. art. 894.1 is not essential to a valid sentence. State v. Wimberly, 414 So.2d 666 (La.1982). Where a sentence imposed is *700 not apparently severe and is in the lower range of the sentencing scale, a remand is not necessary for compliance with Article 894.1 governing a judge’s reasons for judgment. State v. Jones, 412 So.2d 1051 (La.1982). Under the facts presented herein, a sentence of seven years, which is less than one-half the maximum sentence of twenty-one years, is not excessive even if the trial court had not complied with the sentencing guidelines of La.C.Cr.P. art. 894.1. State v. Batiste, 410 So.2d 1055 (La.1982).
We find that the record fully supports the sentence imposed. The presentence report contains details of the offense and in-depth information relative to the background of the appellant. Appellant and his attorney had access to the report and did not contradict or deny any of the information contained therein. The oral reasons for sentence, transcribed for the appellate record, indicate that the trial judge considered the seriousness of the offense, the mitigating factors, and appellant’s prior criminal record contained in the presen-tence report. In light of the trial judge’s articulation and the record itself, it cannot be said that the sentence imposed was not individualized to the offender and the offense.
The penalty imposed must be so disproportionate to the crime committed, in light of the harm caused society, as to shock the court’s sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). We do not find the sentence imposed (seven years at hard labor with benefit of parole) so disproportionate to the crime committed (manslaughter, a violation of LSA-R.S. 14:31) as to shock our sense of justice.
These assignments of error are without merit.
DECREE
The conviction and sentence of the defendant are affirmed.
AFFIRMED.