486 So.2d 346 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joseph Glenn FRANCIS, Defendant-Appellant.
No. CR 85-1077.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1986.
*347 G. Paul Marx, Lafayette, for defendant-appellant.
Robin Rhodes, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before LABORDE and YELVERTON, JJ., and FONTENOT, J. Pro Tem.[*]
YELVERTON, Judge.
Joseph Glenn Francis was convicted by a jury of the second degree murder of John Terry Norman in violation of La.R.S. 14:30.1. The crime occurred at about 1:00 a.m. in an area of the City of Lafayette called the "Block". Witnesses said that the victim wanted to buy some preludes from the defendant, Joseph Glenn Francis, and his brother, Norris Patrick Francis. Apparently, each party to the transaction intended to cheat the other, because the Francises gave Norman two false pills, and Norman gave them a wad of money that was actually only seven dollars instead of the agreed $30.00. Norman soon returned to the "Block". An argument, then a fight ensued. The defendant's brother cut the victim on the arm with a razor. The defendant inflicted the fatal wounds with a knife.
The defendant's brother, Norris Patrick Francis, entered into a plea agreement with the state, to plead guilty to manslaughter in exchange for the state's recommendation of an eight year sentence. The defendant went to trial on the charge of second degree murder. His brother testified against him. He was convicted.
He appeals urging four assignments of error.
ASSIGNMENTS OF ERROR NOS. 1 AND 2:
By these assignments of error, the defendant alleges that the trial court erred in failing to order disclosure of the co-defendant's plea bargain agreement prior to the defense's opening statement and again prior to the direct and cross examination of the co-defendant, Patrick Francis, thereby impairing the defendant's opening statement to the jury and impairing counsel's ability to effectively cross-examine the prosecution's key witness.
*348 The defendant argues that Patrick Francis' guilty plea was exculpatory evidence, and, for that reason, evidence of the plea bargain agreement should have been furnished to him by the state. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); State v. Batiste, 410 So.2d 1055 (La.1982). However, the state claims in brief that it informed the defendant of the plea bargain agreement and that "... [b]efore the trial began, the plea bargain was discussed casually numerous times." In response to the state's contention, the defendant, in a supplemental brief, argues that, although the state did discuss the plea bargain with defense counsel, there were details about it which were not disclosed; thus, the defendant maintains the failure to provide the written plea bargain contract prior to trial was reversible error. There is no suggestion as to what might have been the nature of the undisclosed details.
In State v. Williams, 338 So.2d 672 (La.1976), the court noted that when a key witness testifies because of an agreement between the state and the witness, that information must be revealed to the defendant. As the state points out in its brief, no case could be found that requires the state to furnish a copy of the plea bargain agreement, if one exists, to the defense. Thus, it appears that informing the defendant of the plea bargain agreement without actually furnishing a written copy of the agreement is sufficient to satisfy the Brady rule requiring disclosure to the defendant.
Reversal of a conviction under Brady v. Maryland is not called for unless omission of the undisclosed evidence deprived defendant of his constitutional right to a fair trial. State v. Hicks, 395 So.2d 790 (La.1981). Inasmuch as the plea bargain agreement was discussed with defense counsel, along with the fact that the defense attorney was allowed to, and expressly did, cross-examine Patrick Francis as to the plea bargain arrangement, it cannot be maintained that the defendant was deprived of his right to a fair trial.
These assignments of error, therefore, lack merit.
ASSIGNMENT OF ERROR NO. 3:
In this assignment of error, the defendant contends that the trial court erred in allowing the state to present a photograph of the victim holding his child and standing next to his girlfriend, arguing that the photograph was neither material nor relevant to the case and was prejudicial to him. It was argued that the prejudice resulted from depicting the deceased as a family man.
Photographs which illustrate any fact, shed light upon any fact or issue in the case, or are relevant to describe the person, place, or thing depicted, are generally admissible. State v. Kirkpatrick, 443 So.2d 546 (La.1983), cert. denied 466 U.S. 993, 104 S.Ct. 2374, 80 L.Ed.2d 847 (1984), State v. Hartman, 388 So.2d 688 (La.1980). The test of admissibility is whether the probative value of the photograph outweighs the possible prejudice which might result from its display to the jury. State v. Moore, 419 So.2d 963 (La.1982), State v. Jones, 381 So.2d 416 (La.1980).
The photograph at issue was the most recent of the victim before his demise and was introduced merely for the purpose of identifying him. Over the defendant's objection, the prosecution presented the photograph to a couple of witnesses and asked if they could identify the man in it.
Determining the proper use of photographs at trial is generally within the sound discretion of the trial judge who can decide best whether they serve a proper place in the jury's enlightenment. His ruling in this respect will not be disturbed in the absence of an abuse of discretion. State v. Kelly, 362 So.2d 1071 (La.1978), cert. denied 439 U.S. 1118, 99 S.Ct. 1025, 59 L.Ed.2d 77 (1979). Since no other use of the photograph than for the purpose of witness identification was made at trial, and the state did not comment on the defendant as depicted in the photograph, it cannot be said that the trial court abused *349 his discretion in allowing the photograph to be introduced at trial.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4:
The defendant in this assignment of error maintains that the trial court erred in giving an instruction on principals to the jury on three occasions, which instruction was allegedly inapplicable to the defendant's case.
The defendant was originally charged with second-degree murder in a grand jury indictment along with his brother, Patrick Francis. La.R.S. 14:30.1 reads, in part:
Second-degree murder is the killing of a human being:
(1) When the offender has the specific intent to kill or to inflict great bodily harm[.]
Additionally, La.R.S. 14:24 provides:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
In State v. Clay, 441 So.2d 1227 (La.App. 1 Cir.1983), writ denied 446 So.2d 1213 (La. 1984), the court found that where both individuals, one of whom was the defendant, wielded knives in the fatal fray, that evidence was sufficient to establish the defendant's guilt of second-degree murder as a principal even if it was the other individual who was responsible for fatally stabbing the victim. In the instant case, where both the defendant and the brother began fighting with the victim and he was stabbed to death, both possessed the requisite specific criminal intent to kill or to inflict great bodily harm. La.R.S. 14:30.1. Thus, contrary to the defendant's contention, the instruction was proper in that it did relate to the evidence and was not based on abstract legal principles.
Furthermore, it cannot be seriously maintained that because the jury returned for the instruction on principals several times, the jury convicted the defendant although it found that the co-defendant, Patrick Francis, did the stabbing. This alleged finding of the jury is not part of the record and is mere speculation by the defendant. Just because the jury requested that the instruction be repeated one or more times should not have given rise to an inference that the instruction was inapplicable to the instant case. In all probability, the jury was confused and relied on the trial judge to explain the instruction regarding principals.
This assignment of error is likewise without merit.
For the reasons given, the conviction is affirmed.
AFFIRMED.
NOTES
[*] Judge H. Ward Fontenot of the Thirty-Eighth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.