DOUCET, Judge.
The defendant was charged by bill of information with committing simple burglary of the residence of Willie Hooks in Krotz Springs, Louisiana, in violation of La.R.S. 14:62. The crime occurred on September 19, 1984.
On March 11, 1985, the defendant was found guilty as charged and on April 16, 1985, was sentenced to five years at hard labor, suspended, and placed on three years supervised probation.
Subsequently, the court was informed by the Department of Corrections that the defendant had previously been convicted of felony in Texas. On September 13, 1985, the court resentenced the defendant, imposing a five year sentence. At the resentenc-ing, the trial court also took into consideration evidence that the defendant, since this conviction, was in possession of a firearm. The defendant appeals, relying on four assignments of error.
ASSIGNMENTS OF ERROR NUMBERS 1, 2 and 3:
By these assignments of error, the defendant contends the trial court erred in resentencing the defendant after learning about the defendant’s prior felony convictions and not following the procedure outlined in La.R.S. 15:529.1 (habitual offender statute).
The pertinent part of the statute relied upon by the defendant reads as follows:
“D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new *399 sentence the time actually served under the sentence so vacated.”
La.R.S. 15:529.1 is entitled the Habitual Offender Law and authorizes the imposition of enhanced penalties for those who have been adjudged habitual offenders.
Such is not the case in the situation before us, and hence the statute relied on by the defendant is inapplicable. The statute provides for mandatory minimum penalties and/or enhanced penalties for repeat offenders.
In the instant case, the trial court merely corrected an illegal sentence. An illegal sentence may be corrected at anytime by the court that imposed it. La.C.Cr.P. art. 882.
The sentence initially imposed was illegal in the instant case since a trial judge is authorized to suspend the sentence only for a first offender. La.C.Cr.P. art. 893; State v. Wimberly, 414 So.2d 666 (La.1982). The trial court, discovering the defendant’s pri- or conviction, correctly imposed the previously suspended sentence.
The defendant was not sentenced as a habitual offender pursuant to La.R.S. 15:529.1 but was only denied a suspended sentence pursuant to La.C.Cr.P. art. 893. See State v. Mangano, 464 So.2d 1032 (La. App. 1st Cir.1985). Accordingly, the assignments are without merit.
ASSIGNMENT OF ERROR NUMBER 4:
The defendant contends that the sentence imposed by the trial court was excessive.
The crime of simple burglary carries a maximum penalty of twelve years with hard labor. The defendant’s sentence of five years is in the lower range of possible sentences.
Considering defendant’s prior conviction for burglary theft in Texas in 1975, and further considering evidence presented by Krotz Springs police officers, at this second sentencing, that the defendant has, since this conviction pulled a gun on a police officer, five years at hard labor is not an excessive sentence.
The trial judge has wide discretion to impose a sentence within statutory limits, and such discretion is subject only to constitutional limitations on excessive sentences and should not be disturbed absent manifest error. State v. Richardson, 479 So.2d 698 (La.App. 3rd Cir.1985).
Defendant contends the trial court erred in taking into account the defendant’s alleged altercation with Krotz Springs police since he was neither charged nor convicted of any crime. Prior criminal activity is one of the factors under La.C.Cr.P. art. 894.1 to be considered in sentencing a defendant and such activity is not limited to convictions. State v. Washington, 414 So.2d 313 (La.1982). The testimony of the police officers in the instant case was properly considered. The defendant was afforded an opportunity to cross-examine the witnesses and otherwise rebut the testimony.
The factors properly being considered, the trial court did not abuse its discretion in sentencing the defendant to five years at hard labor.
The assignment is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.