KING, Judge,
dissenting.
I dissent from the opinion of the majority affirming the defendant’s conviction.
The majority states that:
“We agree with the defendant that the charge on principals was improper. ... We believe that the charge was unnecessary and should not have been given, because it was inapplicable to the case.”
The majority then finds that the giving of this instruction was harmless error. I disagree.
The objected to jury charge relating to principals was given despite a timely objection by defendant. This case is not one where there is evidence that another person participated in the commission of the charged crime. In such cases, a jury instruction on principals has been held to be correct even though there was no charged co-defendant on trial. In State v. Krolowitz, 407 So.2d 1175 (La.1981), testimony presented at trial made it clear that two men were involved in the commission of an armed robbery. There, the Supreme Court stated:
“[UJnder Article 802 the trial court was clearly correct in advising the jury that under the law concerning principals to a crime, both men were guilty of the offense, no matter who carried the gun or who went into the cash register....” State v. Krolowitz, 407 So.2d 1175 at page 1182 (La.1981).
This court held in State v. Francis, 486 So.2d 346 (La.App. 3 Cir.1986), writ den., 492 So.2d 1216 (La.1986), that where both the defendant, who was on trial for second degree murder, and his brother began *1063 fighting with the victim, who was stabbed to death, both possessed the requisite specific criminal intent to kill or inflict great bodily harm, and therefore, the instruction concerning the law of principals was proper because it related to evidence and was not based on abstract legal principles.
Again, in State v. Gremillion, 529 So.2d 497 (La.App. 3 Cir.1988), reversed on other grounds, 542 So.2d 1074 (La.1989), this court held that the State was entitled to an instruction on principals where there was evidence that the victim’s ex-wife participated with the defendant in kicking the victim which resulted in the victim’s death, even though she was not a co-defendant.
An instruction on principals was also allowed by the Supreme Court in State v. Sheppard, 350 So.2d 615 (La.1977), where a prima facie case of conspiracy had been established. The court stated that since “... the State sought to attribute to defendant acts which may have been directly committed by his conspirator at the scene of the crime, the law regarding principals was also relevant.” State v. Sheppard, supra, at page 637.
In this case no evidence whatsoever was presented at trial in support of the possibility that defendant aided or abetted another in the commission of the crime here charged. Nor was any evidence presented that defendant counseled or procured another to commit the crime. Furthermore, neither the State nor defense argued as a theory of the case that there was more than one person involved in the commission of this alleged crime. It is also important to note that the trial judge had, after a contradictory hearing with the State, also found that there was no probable cause to charge Donna Hubmer, the mother of the victim and the only other adult person present, with the crime of accessory. The law of principals could have no part in the case, since it was not supported by the facts or evidence. See State v. Anear, 508 So.2d 943 (La.App. 4 Cir.1987). For these reasons the majority is correct in finding that the trial judge erred in giving the jury instructions over timely objection by defendant.
I do not agree that the giving of the incorrect jury instruction was harmless error. After deliberating for some time, the jury submitted a written question to the trial judge asking, “If the jury finds the defendant guilty as charged will Donna Hubmer, wife and mother, be charged as an accessory? ” The trial judge then told the jury that he could not give the jury further instruction or an answer to their question.
The jury’s written question to the trial judge, after retiring to deliberate, shows its confusion because of the incorrect jury instruction. The majority contends the jury’s written question demonstrates the jury’s understanding. Such a contention does not make sense. If the jury understood, why would it have to ask questions? The jury was obviously confused and considering things it ought not because of the incorrect jury instruction. The majority’s opinion does not state or comment on the fact that the defendant was then found guilty by a 10-2 verdict. This verdict was only returned after the jury had received the incorrect jury instruction, after it had indicated to the court its confusion from the incorrect jury instruction by the written question sent to the court during jury deliberation, and after it had again retired to deliberate without the trial judge answering their question or giving further jury instruction. Where confusion is obviously created by a clearly erroneous instruction, I cannot say that the error was harmless. Even absent any indication of confusion from the jury, an erroneous jury instruction, such as that given in this case, has such a potential of creating confusion, that it is not harmless error when incorrectly given.
For the foregoing reasons, I would reverse defendant’s conviction, set aside the sentence, and remand the matter to the trial court for a new trial.
I respectfully dissent.